**Appeal of S. B. CHURCHILL.**                    **Docket No. 166.**

A sale of real estate on which $8,500 cash is paid of a total purchase price of $15,000, the remainder of purchase price secured by a second mortgage and payable $100 monthly, is not a sale under the installment plan and a gain therefrom is taxable in full in the year in which the sale is made.

Submitted December 1, 1924; decided December 11, 1924.

*South Trimble, Esq.,* for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal was heard on December 1, 1924, on depositions taken on behalf of the taxpayer and oral argument by counsel for the taxpayer and the Commissioner.

FINDINGS OF FACT.

During the year 1919, the taxpayer sold a house and two lots in the city of Clarksdale, Miss., for a stated consideration of $15,000. This house was acquired by the taxpayer subsequent to March 1, 1913, at a total cost, including improvements, of $7,915.10. Payment was made on account of the purchase price in the sum of $8,500 cash and $6,500 in notes secured by a second mortgage. The notes were payable in equal monthly installments over a period of 65 months subsequent to the date of purchase, and bore interest. The $8,500 cash paid was secured by placing upon the property a first mortgage with a third party, to which mortgage the taxpayer subordinated his mortgage to secure the sum of $6,500 above mentioned. By accepting the terms of the sale as above outlined, the taxpayer considered that he sold the property for a great deal more than it was worth. The notes so received as part of the purchase price

did not, in the opinion of the taxpayer, have a readily realizable market value and in his opinion could not have been discounted without substantial loss. Between the date when they were made and the date of the maker's death the notes falling due, 53 in number, were paid at maturity with interest. Aside from the taxpayer's opinion, there is no evidence in the record indicating a value for the notes at the time they were received by the taxpayer other than their face value. The Board, therefore, must find the value to have been equal to their face value.

The Commissioner alleged that the taxpayer realized a profit from the transaction in the sum of $7,084.90, and determined a deficiency in tax with reference to the transaction in the sum of $1,650.21. From this determination the taxpayer brings his appeal.

#### DECISION.

The Board determines that there is a deficiency in tax in the sum of $1,650.21 and the determination of the Commissioner is approved.

#### OPINION.

JAMES: In determining the existence of a deficiency in tax, the Commissioner has treated the transaction outlined above under the findings of fact as a complete realization of gain from the sale of property under the Revenue Act of 1918. The taxpayer admits that a profit was realized from the sale in the sum determined by the Commissioner, but contends that the profit so realized should be treated as profit from an installment sale and should be prorated over the years during which cash was realized in proportion to the amount of cash received each year.

We have no difficulty in determining that this is not an installment sale. The gain here realized was a gain or profit realized in the year 1919.